**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4790**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

SAMUEL JOHN ABRAHAM, a/k/a Jamal S. Ibrahim, a/k/a J. Samuel Ibrahim, a/k/a John S. Wynn,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:19-cr-00111-LMB-1)

Submitted: July 14, 2020                      Decided: July 24, 2020

Before GREGORY, Chief Judge, AGEE and HARRIS, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Brooke S. Rupert, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Kimberly Riley Pedersen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel John Abraham pled guilty, pursuant to a written plea agreement, to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (2018), and wire fraud, in violation of 18 U.S.C. § 1343 (2018) and was sentenced to a total of 120 months' imprisonment. Abraham timely appealed. Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning the reasonableness of Abraham's sentence. Although informed of his right to file a pro se supplemental brief, Abraham has not done so.

"A criminal defendant may waive the right to appeal if that waiver is knowing and voluntary." *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017); *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). To determine whether the waiver is knowing and voluntary, we often look to the sufficiency of the plea colloquy and whether the district court questioned the defendant about the appeal waiver, but ultimately the determination turns on "the totality of the circumstances." *Copeland*, 707 F.3d at 528 (internal quotation marks omitted). In evaluating the totality of the circumstances, courts consider "the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005) (internal quotation marks omitted). We "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *Copeland*, 707 F.3d at 528 (internal quotation marks omitted).

We have reviewed the transcript of the Fed. R. Crim. P. 11 hearing and find that Abraham knowingly and intelligently waived the right to appeal both his conviction and

sentence. The district court specifically questioned Abraham about the written appellate waiver and confirmed that he understood he was waiving his right to appeal by entering the agreement. The terms of the waiver were "clear and unmistakable." *See Blick*, 408 F.3d at 169. Abraham does not contend that the district court failed to question him concerning the appellate waiver or that he did not understand the full significance of the waiver. Based on the totality of the circumstances, we find that Abraham's appeal waiver was both knowing and intelligent and, therefore, enforceable as to issues within its scope.

A valid waiver does not bar matters outside the scope of the waiver or prevent this court from correcting a miscarriage of justice. *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Nor does Abraham's appeal waiver bar his constitutional challenge to the knowing and voluntary nature of his guilty plea. *See United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). We have reviewed the record and conclude that the district court fully complied with the requirements of Rule 11 in ensuring that Abraham's guilty plea was knowing, voluntary, and supported by a sufficient factual basis. Therefore, we find that his guilty plea was valid and affirm Abraham's conviction.

In his *Anders* brief, counsel questions whether the 120-month below Guidelines sentence was reasonable. Because Abraham's sentence did not exceed the statutory maximum, this claim falls within the scope of the waiver. Accordingly, we grant, in part, the Government's motion and dismiss the appeal as to Abraham's sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal outside the scope of the appellate waiver. We therefore dismiss the portion of the appeal challenging the calculation of Abraham's

sentence based on his valid appellate waiver and affirm the remainder of the district court's judgment. This court requires that counsel inform Abraham, in writing, of the right to petition the Supreme Court of the United States for further review. If Abraham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Abraham.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART, AFFIRMED IN PART*